In the Matter of the Application of JACOB SHATTER, Respondent, for a Mandamus Order against ROBERT MOSES, Park Commissioner of the City of New York, Appellant.

First Department, June 21, 1934.

*Nelson Rosenbaum* of counsel [*Paul Windels, Corporation Counsel*], for the appellant.

*Albert deRoode,* for the respondent.

UNTERMYER, J. The petitioner, a veteran of the World War, held a position in the competitive class of the classified civil service as stenographer, grade 3, in the department of parks of the city of New York. To this position he had been appointed by the commissioner of parks of the borough of Manhattan in November, 1925. Charges of misconduct and neglect of duty were served on him on May 11, 1933. Therein he was notified that a hearing on the charges would be held by the commissioner of parks of the borough of Manhattan on a specified date, at which he might appear and be represented by counsel. Hearings on the charges were thereafter held before the commissioner of parks, who found petitioner guilty on certain of the charges and removed him from his position as stenographer in the department of parks.

The question which this appeal presents is whether the power to remove the petitioner resided in the commissioner of parks or in the park board, a body consisting of five members composed of the commissioners of parks of the five boroughs of the city of New York. That question is to be determined upon a construction of provisions of the Greater New York Charter as they existed at the time of the petitioner's removal, which occurred before the recent enactment of chapter 2 of the Laws of 1934 abolishing the board of five commissioners and substitutuing a single commissioner as head of the department. At that time section 607 of the charter, as amended, provided that " The head of the department of parks shall be called the park board," and section 614, so far as material, provided: " The park board shall have power to appoint a secretary and such subordinate officers as may be necessary for the proper conduct of the office of the department. Each commissioner shall have power to appoint such superintendents, engineers, subordinates, clerks and assistants as may be necessary for the efficient performance of the duties of the department respecting the parks."

Section 1543 of the charter contained the following provisions: " The heads of all departments and all borough presidents (except as otherwise specially provided) shall have the power to appoint and remove all chiefs of bureaus (except the chamberlain), as also all clerks, officers, employees and subordinates in their respective departments, except as herein otherwise specially provided, without reference to the tenure of office of any existing appointee."

Upon reargument, the court below held that under these provisions of the charter the commissioner of parks had no power to remove the petitioner. Apparently the court proceeded on the theory that the park board was constituted the head of the department of parks by section 607 and that the head of each department was vested with power of appointment and removal by section 1543. The petitioner, however, was appointed to the position which he occupied by the park commissioner under the express power of appointment conferred upon him by section 614 of the charter. By section 1543 the power to " appoint and remove " is vested in the head of each department, but it is so vested " except as otherwise specially provided." Since the power of appointment to the office here in question was vested in the commissioner, that power carried with it, as a necessary incident, the power to remove, thereby excluding it from the operations of section 1543. In *People ex rel. Corrigan* v. *Mayor, etc.* (149 N. Y. 215) the court said: " It is a well-established rule of law that the power to appoint to an office or position, where the term or tenure is not defined by statute or otherwise, necessarily carries with it the power of removal. [*People ex rel. Sims* v. *Fire*

*Commissioners*, 73 N. Y. 437; *People ex rel. Cline* v. *Robb*, 126 N. Y. 180.] " The reason for the principle is that those responsible for administering the functions of government who appoint their subordinates need, in discharging that responsibility, the power to remove those whom they have the power to appoint. (*Myers* v. *United States*, 272 U. S. 52, 119.) Since the petitioner was removed from his position " by the officer or body having the power to remove " (Civil Service Law, § 22) after due notice and a full opportunity to be heard, no order of mandamus, either peremptory or alternative, should have been granted.

The order should be reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.

FINCH, P. J., and MARTIN, J., concur; MERRELL and O'MALLEY, JJ., dissent and vote for affirmance.

MERRELL, J. (dissenting). The only question involved upon this appeal was as to whether, under the law as it existed at the time of the removal of the respondent, the borough park commissioner had authority to make such removal. Prior to the present year the park department of the city of New York consisted of a park board of commissioners which was the head of the department. The department of parks was one of the administrative departments of the city. Section 101 of the Greater New York Charter provided that: " *The head of the department of parks shall be called the park board.*" Section 607 provided: " The head of the department of parks shall be called the park board." Section 607 provided, also: " The principal office of the department of parks shall be in the borough of Manhattan. There shall be branch offices in the boroughs of Brooklyn, Queens, Richmond and The Bronx." Section 612 provided that " Subject to such general rules and regulations as shall be established by the board, each commissioner shall have charge of the management and be responsible for the care of all such parks, parkways, squares and public places as are situated in the Borough or Boroughs over which he has jurisdiction." Section 614, entitled, " Appointment of subordinate officers," provided: " The park board shall have power to appoint a secretary and such subordinate officers as may be necessary for the proper conduct of the office of the department." The same section also provided: " Each commissioner shall have power to appoint such superintendents, engineers, subordinates, clerks and assistants as may be necessary for the efficient performance of the duties of the department respecting the parks, squares and public places within his jurisdiction." Such power of the individual commissioners to appoint was subject to the rules and regulations of the board and

the provisions of the charter and the Civil Service Law. By chapter 2 of the Laws of 1934, pursuant to an emergency message of the Governor, the whole matter is now under the control of a single commissioner as head of the department in the five boroughs of the city. The proofs show that the petitioner, a veteran of the World War, was appointed in the competitive classified service in November, 1925, and had been appointed in the department of parks as a stenographer at $1,800 a year on March 27, 1931. He was not a personal appointee of Commissioner Sheehy, who purported to remove him. Commissioner Sheehy became park commissioner on April 6, 1933, two years after the petitioner had entered the park department. On April 27, 1933, the petitioner was suspended pending charges. He was not given an opportunity to be heard. The original charges were preferred against him on May 3, 1933, but such charges were canceled two days later. New charges were then served. Hearings were held thereunder, the last being on October 11, 1933. On December 30, 1933, the petitioner received notice by mail inclosing a copy of the decision of Commissioner Sheehy which " adjudges and determines that he, the said Jacob Shatter, be dismissed and removed from the Department of Parks, Borough of Manhattan." For the purposes of this appeal the question as to the existence of sufficient ground for the discharge of the petitioner is not involved. The question presented here is whether or not the petitioner could be removed by Commissioner Sheehy, acting alone and without the sanction of the park board. Upon reconsideration, in granting the motion of the petitioner for his reinstatement, the learned justice at Special Term rendered the following brief opinion: " Upon reconsideration I find I overlooked the point that while the commissioner could remove, the removal became effective only when ratified by the board, and at the end of the thirty-day period the petitioner was automatically reinstated. The motion for a reargument is entertained and granted. The former decision is recalled and the order entered thereon is vacated. On reargument the motion is granted." We think, technically, the court at Special Term was entirely correct, and that the removal of the petitioner could not be made effective without the action of the board of park commissioners acting as a board. In *People ex rel. Cline* v. *Robb* (126 N. Y. 180) the court said: " The general rule is that where the power of appointment is conferred in *general terms and without restriction,* the power of removal, in the discretion and at the will of the appointing power, is implied and always exists, *unless restrained and limited by some other provision of law.* * * * The absolute power of appointment carried with it the power to dismiss, *in the absence of some provision limiting*

*such power* by express words or necessary implication." (Italics are the writer's.) It seems to us that under the above decision the right of removal was governed by an express provision of law. While the petitioner could be appointed by a single commissioner, under the charter provisions, as they existed prior to January 1, 1934, he could only be removed by action of the board as a whole. Had the petitioner been removed subsequently to the enactment of chapter 2 of the Laws of 1934 his removal would have been unassailable, but he was removed when the old law was still in effect. Furthermore, the decision " adjudges and determines that he, the said Jacob Shatter, be dismissed and removed from the Department of Parks, *Borough of Manhattan,* City of New York." He was not removed from the department of parks, but merely from the department of parks in the borough of Manhattan. The petitioner was a stenographer whose duties might be performed anywhere in the city of New York and in any borough.

Technically, we think the order was right and should be affirmed, with twenty dollars costs and disbursements to petitioner, respondent, against appellant.

O'MALLEY, J., concurs.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.