In the Matter of ELIZABETH BROWN, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— In a proceeding pursuant to Article 78 of the CPLR (1) to annul a determination, dated July 21, 1971, made by respondent Chancellor, approving prior recommendations for discontinuance of petitioner's services, and terminating her appointment as a probationary teacher of social studies in the day high schools, as of August 31, 1971; and (2) for related relief, petitioner appeals from a judgment of the Supreme Court, Kings County, dated March 8, 1973, which dismissed the petition. Judgment reversed, on the law, without costs, and matter remanded to respondents for proceedings consistent with the views set forth herein. Pursuant to section 105a of the by-laws of respondent Board of Education, respondents are directed to provide for a review of the recommendations which had been made for the discontinuance of petitioner's services. The review shall be conducted consistently with the following memorandum. The findings of fact made by Special Term have not been considered in this determination. Prior to 1968 petitioner was licensed as a substitute teacher by respondent Board of Education of the City of New York (the Board). In 1968 she obtained a license to teach as a three-year probationary regular teacher. She commenced her service as such probationary teacher in September, 1969, at the Central Commercial High School. On March 26, 1971, Simpson Sasserath, the principal of that school, recommended that petitioner's services as a probationary teacher be discontinued because her services allegedly were unsatisfactory. On April 16, 1971 that recommendation was approved by James Boffman, Assistant Superintendent for City District Personnel. Petitioner appealed from that recommendation. On May 20, 1971, petitioner was given notice to attend a meeting to be held on June 14, 1971, at which time the recommendation for discontinuance of her services as a probationary teacher would be reviewed by the Chancellor's Committee. That notice, allegedly mailed to her in compliance with the requirements of section 105a of the Board's By-laws failed to comply with that By-law because it did not advise petitioner that she had the right, at that review "to be confronted by witnesses, to call witnesses and to introduce any relevant evidence." The board's rules contained in its by-laws are binding on it (Education Law, § 2554, subd. 13, par. a; 1 N. Y. Jur., Administrative Law, § 110; also cf. *People ex rel. Jordan* v. *Martin*, 152 N. Y. 311; *Matter of Poss* v. *Kern*, 263 App. Div. 320). Moreover, the collective bargaining agreement between the Board and the United Federation of Teachers in effect for the period from September 8, 1969, to

September 8, 1972, provides in article IV (§ F, subd. 15, par. c) that "teachers on probation shall be entitled to the review procedures before the  *  *  * Chancellor as prescribed in section 105a of the by-laws of the Board of Education."[1] In light of the foregoing we find that the notice sent by the respondents to petitioner on May 20, 1971, was defective, but in view of our determination we do not now decide whether that defect was waived by petitioner's appearance before the Chancellor's committee at the Chancellor's office on June 14, 1971. At that review petitioner sought to interrogate Mr. Sasserath, her principal, concerning his reasons for requesting the discontinuance of her services. Such interrogation was not allowed by the Chairman of the Chancellor's reviewing committee. In our opinion, under section 105a of the Board's By-laws she was entitled to interrogate him. Petitioner thereby was deprived of a substantial right because she was thus prevented from exercising her rights to "call witnesses" and introduce "relevant evidence." Further, we believe that ruling also deprived her of her right to be "confronted by witnesses" against her. Such right of confrontation carries with it the right to cross-examine a witness who charged her with unsatisfactory service allegedly justifying the discontinuance of her service and loss of her license as a probationary teacher (5 Wigmore, Evidence [3d ed.], § 1395; *People* v. *Fish,* 125 N. Y. 136, 150). Accordingly, we hold that on the remanded review under section 105a of the Board's By-laws which we have directed in this determination, petitioner should be allowed to interrogate any person including her principal, Mr. Sasserath, as a witness, on matters relevant to the subject review, and that she should be duly notified of a review before a committee of the Chancellor other than the committee which conducted the review of June 14, 1971. We disagree with petitioner's contention that the determination of the propriety of the discontinuance of her probationary employment can only duly be made by a majority of the members of respondent Board of Education. The making of that determination can properly be made by the Chancellor as the Board's designee (Education Law, § 2554, subd. 13, par. b; §§ 2590-e, 2590-j, 2590-h, 2590-n; *Matter of Albert,* 3 Ed. Dept. Rep. 228; Agreement between United Federation of Teachers and Board of Education, art. IV § F, subd. 15, par. c, hereinbefore discussed; also cf. *Matter of Shatter* v. *Moses,* 241 App. Div. 485, affd. 266 N. Y. 413). We also disagree with petitioner's contention that she is entitled to a full-scale trial of the charge that her services as a probationary teacher were unsatisfactory, and that the review permitted of the recommendation for the discontinuance of her employment by section 105a of the Board's By-laws is an insufficient review. Aside from the above-discussed agreement, recognizing section 105a of the Board's By-laws as the method of reviewing the discontinuance of employment of a probationary teacher, we hold that a full-scale plenary hearing with representation by independent counsel may not be had concerning the propriety of a determination that a probationary teacher's services were discontinued because her services were found to be unsatisfactory. (*Matter of Clausen* v. *Board of Educ. of City of N. Y.,* 39 A D 2d 708; *Matter of Gordon* v. *State Univ. of N. Y. at Buffalo,* 35 A D 2d 868, affd. 29 N Y 2d 684; *Matter of Albury* v. *New York City Civ. Serv. Comm.,* 32 A D 2d 895, affd. 27 N Y 2d 694; *Matter of Shapiro,* 12 Ed. Dept. Rep. [No. 8585, Jan. 4, 1973].) The above authorities have not been overruled, insofar as the situation at bar is concerned,

---

1. That agreement is a matter of public record on file with the Board and generally has been referred to as binding on the parties in the record herein, and the above provision thereof is not questioned.

by *Board of Regents* v. *Roth* 408 U. S. 564, and *Perry* v. *Sindermann,* 408 U. S. 593. (See *Canty* v. *Board of Educ. of City of N. Y.,* 470 F. 2d 1111; *Matter of Baronoff* v. *Board of Educ., Union Free School Dist. No. 18,* 72 Misc 2d 959.) Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.