■ JONATHAN GREENWALD, Respondent, v. COMMUNITY SCHOOL BOARD No. 27, QUEENS, et al., Appellants.— In a proceeding pursuant to article 78

of the CPLR to review a determination revoking petitioner's license to teach in the Public Schools of the City of New York, the appeal (by permission), as limited by the notice of appeal and appellant's brief, is from so much of a judgment of the Supreme Court, Queens County, dated July 3, 1972, as, after annulling the revocation of license, (1) reinstated petitioner to his position as a probationary teacher *nunc pro tunc* as of August 31, 1971, with accrued salary and benefits from that date, and (2) remanded the matter to appellants for a hearing on the question of continuance of petitioner's license (the second and third decretal paragraphs of the judgment). Judgment reversed insofar as appealed from, on the law, without costs, and it is directed that (1) petitioner be restored to his position as a probationary teacher of common branches as of August 31, 1971, pending a hearing on the question of the discontinuance of his services in accordance with the following memorandum, and (2) the question of petitioner's right to back pay less interim earnings is relegated to a separate action. At oral argument on this appeal, the attorney for appellants conceded the continuing validity of petitioner's license as a teacher of common branches in the public schools of the City of New York. Appellants failed to hold a full formal hearing on the question of terminating petitioner's license to teach, as mandated by the New York State Commissioner of Education in *Matter of Baronat* (11 Ed. Dept. Rep. 150). We are of the opinion that the questions of license revocation and discontinuance of probationary employment are separate and distinct. All the procedural safeguards required by the decision in *Matter of Baronat* (*supra*) with respect to license revocation are not automatically required, therefore, in a hearing pursuant to section 105-a of the By-Laws of the Board of Education of the City of New York, which concerns the discontinuance of a teacher's probationary employment (see *Matter of Clausen* v. *Board of Educ. of City of N. Y.*, 39 A D 2d 708; *Matter of Butler* v. *Allen*, 29 A D 2d 799). In the case at bar, however, the section 105-a hearing which was held by the Board of Education of the City of New York suffered from the same defects as did the hearing which we reviewed in our recent case of *Matter of Brown* v. *Board of Educ. of City of N. Y.* (42 A D 2d 702). Accordingly, the matter must be remitted to appellants for a new hearing, upon proper notice, at which petitioners shall be accorded the opportunity to cross-examine witnesses. Rabin, P. J., Hopkins, Shapiro, Christ and Brennan, JJ., concur. [69 Misc 2d 238.]