■ In the Matter of ELIZABETH AMBROSE, Appellant, v COMMUNITY SCHOOL BOARD No. 30 et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Scribner, made on January 3, 1973, after a hearing, denying petitioner permanent appointment as a teacher of common branches, the appeal is from a judgment of the Supreme Court, Kings County, entered June 1, 1973, which, *inter alia,* denied her application and dismissed the proceeding. Judgment reversed, on the law, without costs, and matter remanded to the Chancellor of the Board of Education of the City of New York for further proceedings consistent herewith. The chancellor is directed to provide for a review of the recommendations for the discontinuance of petitioner's services pursuant to the provisions of section 105a of the by-laws of the Board of Education of the City of New York (the Board) which review shall be conducted in accordance with the views herein set forth. Prior to February, 1970 petitioner was licensed as a substitute teacher by the Board. In February, 1970 she obtained a license as a teacher of common branches. She commenced her service as a probationary teacher in February, 1970 at P. S. 150, Queens, in Community School District No. 30, and served in that capacity until June 30, 1970. At that time she was assigned to P. S. 17, Queens, in the same school district, effective September, 1970. On November 1, 1972 Peter S. O'Brien, acting principal of P. S. 17, recommended that petitioner be denied certification of completion of probation because her services allegedly were unsatisfactory. This recommendation was approved by respondent Sol Silver, Superintendent of Community School Board No. 30, on November 1, 1972. On November 30, 1972 petitioner was given notice to attend a meeting to be held on December 12, 1972, at which time the recommendation to deny permanent appointment to her was to be reviewed by the chancellor's review committee. That notice, allegedly mailed to her in compliance with the requirements of section 105a of the Board's by-laws, failed to comply with that by-law because it did not advise petitioner that she had the right, at that review "to be confronted by witnesses, to call witnesses and to introduce any relevant evidence" *(Matter of Brown v Board of Educ. of City*

*of N. Y.,* 42 AD2d 702). The Board's rules contained in its by-laws are binding upon it (Education Law, § 2554, subd 13, par a; *Matter of Brown v Board of Educ. of City of N. Y., supra;* 1 NY Jur, Administrative Law, § 110). In light of the foregoing, we find that the notice sent to petitioner on November 30, 1972 was defective. Moreover, that defect was not cured by petitioner's appearance before the chancellor's committee on December 12, 1972. At that review petitioner was never advised of her rights pursuant to section 105a of the Board's by-laws to "call witnesses", to "introduce relevant evidence" or to be "confronted by witnesses" against her. The latter right, in particular, carries with it the right to cross-examine any witness who charged her with unsatisfactory service *(Matter of Brown v Board of Educ. of City of N. Y., supra;* 5 Wigmore, Evidence [Chadbourn rev], § 1395). Accordingly, we hold that on the review which we have directed pursuant to section 105a of the Board's by-laws, petitioner should be advised of her rights thereunder and be afforded the right to exercise them. These include the right to interrogate any person as a witness on matters relevant to the review and the right to be duly notified of the review, which should be held by a committee of the chancellor other than the committee which conducted the review of December 12, 1972. We disagree with petitioner's contention that she is entitled to a full-scale trial on the charge that her services as a probationary teacher were unsatisfactory and that the review mandated by section 105a of the Board's by-laws is an insufficient review. We have previously held that a full-scale plenary hearing, with representation by independent counsel, may not be had concerning the propriety of a determination that a probationary teacher's services were discontinued because her services were unsatisfactory *(Matter of Brown v Board of Educ. of City of N. Y., supra; Matter of Clausen v Board of Educ. of City of N. Y.,* 39 AD2d 708). The above authorities have not been overruled, insofar as the situation at bar is concerned, by *Board of Regents v Roth* (408 US 564) and *Perry v Sindermann* (408 US 593) *(Matter of Brown v Board of Educ. of City of N. Y., supra).* Petitioner further contends that under subdivision [g] of section 241 and section 250 of the by-laws of the Board, the discontinuance of her probationary services as a teacher of common branches automatically terminated her license as a teacher of common branches and that she was therefore entitled to a full-scale plenary hearing, with representation by independent counsel, on the charge that her services as a probationary teacher were unsatisfactory. We disagree. The questions of license revocations and discontinuance of probationary employment are separate and distinct *(Greenwald v Community School Bd. No. 27, Queens,* 42 AD2d 965). The New York State Commissioner of Education has ruled in *Matter of Baronat* (11 Ed Dept Rep 150) that cancellation of a license to teach can be effected only after a formal hearing, at which the probationer is entitled to be represented by legal counsel. Accordingly, respondents, by the affidavit of Rufus Shorter, Acting Executive Director of the Office of Personnel of the Board of Education of the City of New York, state that it is no longer the policy or practice of the Board of Education to terminate a teacher's license when his or her probationary service is discontinued and that petitioner's license "has not been revoked and will not be revoked in the future." Clearly, the procedural safeguards required by the decision in *Baronat (supra)* with respect to license revocation are not automatically required in a hearing pursuant to section 105a of the by-laws of the Board, which concern the discontinuance of a teacher's probationary employment *(Greenwald v Community School Bd. No. 27, Queens, supra; Matter of Clausen v Board of Educ. of City of N.*

*Y., supra).* We have examined the other points raised by petitioner and find them to be without merit. Gulotta, P. J., Rabin, Hopkins, Martuscello and Shapiro, JJ., concur.