■ In the Matter of LAWRENCE SPELLENS, Appellant, v COMMUNITY SCHOOL BOARD No. 19 et al, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Anker, made on June 4, 1973, which, after a hearing, discontinued petitioner's services as a probationary teacher and denied him permanent appointment, the appeal is

from a judgment of the Supreme Court, Kings County, entered April 9, 1974, which denied his application and dismissed the proceeding. Judgment reversed, on the law, without costs, and matter remanded to respondent Anker for further proceedings consistent herewith. Respondent Anker is directed to provide for a review of the recommendations for the discontinuance of petitioner's services pursuant to the provisions of section 105a of the by-laws of the Board of Education of the City of New York (the Board), which review shall be conducted in accordance with the views herein set forth. Petitioner was a licensed teacher. He commenced his service as a probationary teacher in September, 1970 at Junior High School 64 in Community School District No. 19. On March 14, 1973, Alan Bernstein, the acting principal of that school, recommended that petitioner be denied certification of completion of probation and permanent appointment because his services were unsatisfactory. On March 16, 1973 that recommendation was approved by respondent Annette P. Goldman, Superintendent of Community School District No. 19. Petitioner was given notice to attend a meeting to be held on May 23, 1973, at which time the recommendation to deny him certification of completion of probation and permanent appointment was to be reviewed by the chancellor's review committee. That notice, allegedly mailed to him in compliance with the requirement of section 105a of the Board's by-laws, failed to comply with that by-law because it did not advise petitioner that he had the right at that review " 'to be confronted by witnesses, to call witnesses and to introduce any relevant evidence' " (see *Matter of Brown v Board of Educ. of City of N. Y.*, 42 AD2d 702). The Board's rules contained in its by-laws are binding upon it (Education Law, § 2554, subd 13, par a; *Matter of Brown v Board of Educ. of City of N. Y., supra;* 1 NY Jur, Administrative Law, § 110). In light of the foregoing, we find that the notice sent to petitioner was defective, but in view of our determination, we do not now decide whether that defect was waived by petitioner's appearance before the chancellor's review committee on May 23, 1973. At that review petitioner sought to cross-examine witnesses. That request was rejected by the chairman of the committee. We have previously held that, under section 105a of the Board's by-laws, a teacher is entitled to interrogate witnesses *(Matter of Brown v Board of Educ. of City of N. Y., supra).* Petitioner thereby was deprived of a substantial right because he was thus prevented from exercising his rights to "call witnesses" and introduce "relevant evidence." Further, that ruling also deprived him of his right to be "confronted by witnesses" against him *(Matter of Brown v Board of Educ. of City of N. Y., supra).* The latter right carries with it the right to cross-examine a witness who charged the teacher with unsatisfactory service allegedly justifying the discontinuance of his service *(Matter of Brown v Board of Educ. of City of N. Y., supra).* Accordingly, we hold that on the review which we have directed pursuant to section 105a of the Board's by-laws, petitioner should be permitted to interrogate any person, including his principal, Mr. Bernstein, as a witness, on matters relevant to the review and that he should be duly notified of the review, which review shall be held by a committee of the chancellor other than the committee which conducted the review of May 23, 1973. We disagree with petitioner's contentions that he is entitled to a full-scale trial of the charge that his services as a probationary teacher were unsatisfactory and that the review permitted of the recommendation for the discontinuance of his employment by section 105a of the Board's by-laws is an insufficient review. We have previously held that a full-scale plenary hearing with representation by independent counsel may not be had concerning the propriety of a determination that a

probationary teacher's services were found to be unsatisfactory *(Matter of Brown v Board of Educ. of City of N. Y., supra; Matter of Clausen v Board of Educ. of City of N. Y.,* 39 AD2d 708). The above authorities have not been overruled, insofar as the situation at bar is concerned, by *Board of Regents v Roth* (408 US 564) and *Perry v Sindermann* (408 US 593) *(Matter of Brown v Board of Educ. of City of N. Y., supra).* The petition alleges that under subdivision (g) of section 241 and section 250 of the by-laws of the Board, the discontinuance of petitioner's services as a probationary teacher automatically terminated his teacher's license and that he was therefore entitled to a full-scale plenary hearing, with representation by independent counsel, on the charge that his services were unsatisfactory. While this contention appears to have been abandoned, we reiterate our statement in *Greenwald v Community School Bd. No. 27, Queens* (42 AD2d 965, 966) that "questions of license revocation and discontinuance of probationary employment are separate and distinct." The New York State Commissioner of Education has ruled in *Matter of Baronat* (11 Ed. Dept. Rep. 150) that cancellation of a license to teach can be effected only after a formal hearing at which the probationer is entitled to be represented by legal counsel. In accordance therewith, the board has abandoned its prior policy and practice of terminating a teacher's license when his or her probationary service is discontinued. Clearly the procedural safeguards required by the decision in *Baronat (supra)* with respect to license revocation are not automatically required in a hearing pursuant to section 105a of the by-laws of the Board, which latter section concerns the discontinuance of a teacher's probationary employment *(Greenwald v Community School Bd. No. 27, Queens, supra).* We have examined the other points raised by petitioner and find them to be without merit. Gulotta, P. J., Rabin, Hopkins, Martuscello and Shapiro, JJ., concur.