■    In the Matter of ESTA A. BAITLER, a Handicapped Child. MIRIAM BAITLER et al., Appellants; COUNTY OF ROCKLAND, Respondent.—In a proceeding to provide for the education of a handicapped child, petitioners appeal from an order of the Family Court, Rockland County, dated October 22, 1974, which dismissed the petition, after a hearing. Order reversed, with $20 costs and disbursements; petition granted; and the County of Rockland is directed to pay the handicapped child's tuition and maintenance expenses at the Rhinebeck County School for the 1973–1974 and the upcoming 1975–1976 school years. The testimony adduced at the hearing established that the special educational classes maintained by the Board of Cooperative Educational Services were inadequate to meet the needs of the child here. Hence, it was improper to dismiss the petition. Rabin, Acting P. J., Brennan and Shapiro, JJ., concur; Hopkins and Martuscello, JJ., dissent and vote to affirm.

■    In the Matter of LORRAINE BENVENISTE, Also Known As LORRAINE KIRSCHENBAUM, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Scribner, after a hearing, which discontinued petitioner's services as a probationary teacher, the appeal is from a judgment of the Supreme Court, Kings County, dated January 31, 1974, which denied her application. Judgment reversed, on the law, without costs, and matter remanded to the Chancellor of the Board of Education of the City of New York for further proceedings pursuant to section 105a of the by-laws of respondent Board of Education of the City of New York (see *Matter of Ambrose v Community School Board No. 30,* 48 AD2d 654). Hopkins, Acting. P. J., Cohalan, Brennan and Shapiro, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: Petitioner knowingly and voluntarily waived any defect in the notice given to her pursuant to section 105a of the by-laws of the respondent Board of Education of the City of New York and any right to cross-examine witnesses at the meeting (see my dissent in *Matter of Parris v Board of Educ. of City of N. Y.,* 48 AD2d 835, and *Matter of Kindman v Community School Board No. 19, Kings,* 48 AD2d 834).