■ In the Matter of GLORIA PARRIS, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Anker, dated June 6, 1973, and made after a hearing, which discontinued petitioner's probationary service, the appeal is from a judgment of the Supreme Court, Kings County, dated May 24, 1974, which denied her application and dismissed the petition. Judgment reversed, on the law, without costs, and matter remanded to respondent Anker for further proceedings consistent herewith. Pursuant to section 105a of the by-laws of respondent Board of Education of the City of New York (the Board) respondent Anker is directed to provide for a review of the recommendation which had been made for the discontinuance of petitioner's probationary services, which review shall be conducted in accordance with the views herein set forth. Petitioner was licensed by the Board as a probationary teacher of common branches. She commenced her service as a probationary teacher in September, 1972 at P. S. 309, in Community School District No. 16. On January 29, 1973, Helen Williams, the principal of that school, recommended that petitioner's probationary services be discontinued on the ground that they were unsatisfactory. On February 2, 1973 that recommendation was approved by respondent Dembo, Superintendent of Community School District No. 16. On March 1, 1973, petitioner was given notice to attend a meeting to be held on March 19,

1973, at which time the recommendation to discontinue her probationary services would be reviewed at a meeting. That notice, allegedly mailed to her in compliance with the requirement of section 105a of the Board's by-laws, failed to comply therewith in that it did not advise petitioner that she had the right at that review " 'to be confronted by witnesses, to call witnesses and to introduce any relevant evidence' " (see *Matter of Brown v Board of Educ. of City of N. Y.*, 42 AD2d 702). The Board's rules contained in its by-laws are binding upon it (Education Law, § 2554, subd 13, par a; *Matter of Brown v Board of Educ. of City of N. Y., supra;* 1 NY Jur., Administrative Law, § 110). In light of the foregoing, we find that the notice sent to petitioner on March 1, 1973 was defective. Moreover, that defect was not waived by petitioner's appearance at the meeting before the Chancellor's committee on March 19, 1973. At that review petitioner was never advised of her rights pursuant to section 105a of the Board's by-laws to "call witnesses", "introduce relevant evidence" and be "confronted by witnesses" against her. The latter right, in particular, carries with it the right to cross-examine a witness who charged her with unsatisfactory service allegedly justifying the discontinuance of her service *(Matter of Brown v Board of Educ. of City of N. Y., supra;* 5 Wigmore, Evidence [Chadbourn rev], § 1395). Accordingly, we hold that on the review which we have directed pursuant to section 105a of the Board's by-laws, petitioner should be advised of her rights thereunder and be afforded the right to exercise them, including the right to interrogate any person as a witness on matters relevant to the review. Our determination is not affected by the fact that the recommendation of the Chancellor's committee was that the charges against petitioner not be sustained and that respondent Anker not concur in the recommendation for the discontinuance of petitioner's probationary services. It is the Chancellor of the Board who reviews such findings (which could conceivably have been even more favorable to petitioner had she been notified of her right to cross-examine adverse witnesses and had she exercised that right), makes the "final decision" under section 105a of the Board's by-laws (see, also, Education Law, § 2573, subd 1, par [a]) and who did in fact make a determination adverse to petitioner. Accordingly, the lack of notice to petitioner of her right to confront witnesses under section 105a of the Board's by-laws cannot be considered *de minimus.* We have examined the other points raised by petitioner and find them to be without merit (see *Matter of Brown v Board of Educ. of City of N. Y., supra; Matter of Spellens v Community School Board No. 19,* 48 AD2d 658; *Matter of Ambrose v Community School Board No. 30,* 48 AD2d 654). Hopkins, Acting P.J., Cohalan, Brennan and Shapiro, JJ., concur; Munder, J., dissents and votes to affirm the judgment with the following memorandum: I find this case clearly distinguishable from *Matter of Brown v Board of Educ. of City of N. Y.* (42 AD2d 702), relied upon by the majority, and I also conclude that petitioner's conduct constituted a knowing and voluntary waiver of her right under section 105a of the by-laws of respondent Board of Education of the City of New York to be "confronted by witnesses, to call witnesses and to introduce any relevant evidence." I note at the outset that petitioner is a probationary or nontenured teacher and, as such, she is not entitled to either a full-scale trial of the charge against her or a full-scale plenary hearing with representation by independent counsel *(Matter of Brown v Board of Educ. of City of N. Y., supra).* Her license has *not* been revoked. She *is* entitled to review of the charge and she received such a review here. She received timely notice pursuant to section 105a of the by-laws to attend a meeting on March 19, 1973. In response to that notice petitioner appeared

at the scheduled time and place, accompanied by an advisor from the union. On petitioner's behalf her advisor stated that he had no procedural motions to make. This case is distinguishable from *Brown* in that petitioner did not seek to confront or cross-examine any witness. In *Brown*, the petitioner sought to cross-examine but was not permitted to do so. By not seeking or asserting that right, petitioner waived it. She is a teacher, an educated professional person. She is not the unsophisticated defendant charged with crime whose rights the courts so zealously guard. She was accompanied at the hearing by a union advisor who knew what could be done. We have here a situation somewhat analogous to that in *Matter of McAulay v Board of Educ. of City of N. Y.* (46 AD2d 84), wherein the First Department noted: "Petitioner is indeed articulate and was well versed in the various problems that arose at the hearing. The circumstances are not such as to mandate representation by counsel" *(supra,* p 86). At Special Term, petitioner did not question the sufficiency of the notice or raise any argument about deprivation of her right of cross-examination, yet the majority would now reverse and direct a new hearing on that ground. That, in this case, appears to me to be an unnecessary waste of time and money. Petitioner did not complain about the hearing, since the hearing committee found in her favor. She protested the Chancellor's rejection of the committee's recommendation. As to that, I agree with Special Term's finding that the Chancellor's determination was supported by substantial evidence.