■    In the Matter of LOLA CRONACHER, Appellant, v HARVEY B. SCRIBNER, as Chancellor of Schools of the New York City School District, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Scribner, made on January 24, 1973, after a hearing, which dismissed petitioner's administrative appeal from an unsatisfactory rating and sustained the said rating, petitioner appeals from a judgment of the Supreme Court, Queens County, dated July 12, 1974, which denied the application and dismissed the petition. Judgment reversed, on the law, without costs, and matter remanded to the Chancellor of the Board of Education of the City of New York for further proceedings consistent herewith. The Chancellor is directed to provide for a review of petitioner's unsatisfactory rating pursuant to the provisions of section 105a of the by-laws of the Board of Education of the City of New York (the Board), which review shall be conducted in accordance with the views herein set forth. Petitioner is a regular teacher of English in the New York City school system and has tenure. In June, 1972, her principal rated her teaching performance as unsatisfactory. Pursuant to section 105a of the by-laws of the Board, petitioner appealed the rating and was given notice on November 30, 1972 to attend a meeting on December 11, 1972, at which time the propriety of the unsatisfactory rating would be reviewed by the Chancellor's committee. That notice, allegedly mailed to her in compliance with section 105a of the Board's by-laws, failed to comply therewith because it did not advise petitioner that she had the right at that review " 'to be confronted by witnesses, to call witnesses and to introduce any relevant evidence' " *(Matter of Brown v Board of Educ. of City of N.Y.*, 42 AD2d 702). The Board's rules contained in its by-laws are binding upon it (Education Law, § 2554, subd 13, par. a; *Matter of Brown v Board of Educ. of City of N. Y., supra;* 1

NY Jur., Administrative Law, § 110). In light of the foregoing, we find that the notice sent to petitioner on November 30, 1972 was defective. Moreover, that defect was not cured by petitioner's appearance before the Chancellor's committee on December 11, 1972. At that review petitioner was never advised of her rights pursuant to section 105a of the by-laws of the Board to "call witnesses", to "introduce relevant evidence" or to be "confronted by witnesses" against her. The latter right, in particular, carries with it the right to cross-examine any witness who charged her with unsatisfactory service allegedly justifying the discontinuance of her service *(Matter of Brown v Board of Educ. of City of N. Y., supra;* 5 Wigmore on Evidence [Chadbourne rev.], § 1395). Accordingly, we hold that at the review which we have directed pursuant to section 105a of the Board's by-laws, petitioner should be advised of her rights thereunder and be afforded the right to exercise them, including the right to interrogate any person as a witness on matters relevant to the review (see *Matter of Ambrose v Community School Bd., No. 30,* 48 AD2d 654). Our determination is not affected by the fact that the Chancellor's committee recommended, by a vote of two to one, to sustain petitioner's appeal, expunge the unsatisfactory rating and substitute a satisfactory rating therefor. It is the Chancellor who reviews the committee's findings (which conceivably could have been even more favorable to petitioner had she been notified of her right to cross-examine adverse witnesses and had she exercised that right), makes the "final decision" under section 105a of the Board's by-laws, and who did in fact make a determination adverse to petitioner. Accordingly, the lack of notice to petitioner of her right to confront witnesses under section 105a of the Board's by-laws cannot be considered *de minimis.* We have examined the other points raised by petitioner and find them to be without merit. Hopkins, Acting P. J., Martuscello, Christ and Shapiro, JJ., concur; Munder, J., dissents and votes to affirm the judgment for the reasons set forth in his dissenting memoranda in *Matter of Parris v Board of Educ. of City of N. Y.* (48 AD2d 835) and *Matter of Benveniste v Board of Educ. of City of N.Y.* (48 AD2d 833).