In the Matter of QUEENSBOROUGH COMMUNITY COLLEGE OF THE CITY UNIVERSITY OF NEW YORK et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD, STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law to annul an order of the State Human Rights Appeal Board, dated March 21, 1975, which (1) vacated a determination and order of the State Division of Human Rights, dated September 13, 1974, dismissing the complaint of Ethne Elsie K. Marenco on the ground that it was not filed within the statutorily prescribed period, and (2) remanded the case to the Division of Human Rights for further proceedings. Petition granted, order of the Human Rights Appeal Board annulled and determination of the Division of Human Rights reinstated, on the law, without costs. Ms. Marenco's discrimination complaint, filed with the State Division of Human Rights some 20 months after she was given notice that she would not be reappointed as an assistant professor at Queensborough Community College, is time-barred. The one-year Statute of Limitations (Executive Law, § 297, subd 5) began to run when the said notice, the only act of discrimination alleged (cf. *Presseisen v Swarthmore Coll.*, 386 F Supp 1337), was received. Ms. Marenco had a remedy at that point (see *Cameron Estates, v Deering,* 308 NY 24; *Ryan Ready Mixed Concrete Corp. v Coons,* 25 AD2d 530; see, also, *Castro-Resposo v Board of Higher Educ. of City of N. Y.* [decided Aug 30, 1973 by State Division of Human Rights Appeal Board, Appeal No. 1475, Case No. GCNS-26771-72]). Thus, her cause of action accrued then and the limitation period began to run. No argument was made that the limitation period was tolled by the pendency of a certain grievance matter that Ms. Marenco had instituted, one challenging the failure to reappoint her on entirely unrelated contractual grounds (see *Ross v General Motors Corp.,* 391 F Supp 550; cf. *Sanchez v Trans World Airlines,* 499 F2d 1107; *Guerra v Manchester Term. Corp.,* 498 F2d 641). We do not reach the question whether the limitation period would have been tolled if the discrimination claim had been raised in the grievance matter. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.

In the Matter of IRVING SMITH, Appellant, v COMMUNITY SCHOOL BOARD No. 9, BRONX et al., Respondents.—Judgment of the Supreme Court, Kings County, dated August 19, 1974, affirmed, without costs. This case does not fall within the ambit of prior cases decided by this court *(Matter of Brown v Board of Educ. of City of N.Y.,* 42 AD2d 702; *Greenwald v Community School Bd. No. 27, Queens,* 42 AD2d 965; *Matter of Spellens v Community School Bd. No. 19,* 48 AD2d 658; *Matter of Ambrose v Community School Bd. No. 30,* 48 AD2d 654; *Matter of Kindman v Community School Bd. No. 19,* 48 AD2d 834; *Matter of Parris v Board of Educ. of City of N.Y.,* 48 AD2d 835). We reversed and remanded for new hearings in these prior cases solely on the ground that the notices of hearing sent out by the Board of Education violated the board's own by-laws by failing to notify the petitioners in these cases of their rights, under section 105a of the by-laws, to confront witnesses, call witnesses and introduce relevant evidence. In this case, the notice did so provide and petitioner utilized those rights at the hearing. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.