■ In the Matter of FREDERIC ENO, Petitioner, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to annul a determination of respondent, dated November 19, 1974, which, after a hearing, found petitioner guilty of certain misconduct and fined him three days' pay. Determination annulled, on the law, with costs, and charge dismissed. In our opinion, the determination is not supported by substantial evidence (CPLR 7803, subd 4). Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ In the Matter of PATRICIA GARRITANO, Respondent, v ARTHUR GARRITANO, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, appellant appeals from three orders of the Family Court, Suffolk County, as follows: (1) an order dated April 25, 1974 which awarded support in the amount of $350 per week and a counsel fee in the amount of $1,000; (2) an order dated December 3, 1974 which, *inter alia,* amended the prior support order by reducing the total support payment to $300 per week; and (3) an order dated January 20, 1975 which fixed arrears in the amount of $4,670. Order dated April 25, 1974 affirmed, without costs. Orders dated December 3, 1974 and January 20, 1975 reversed, on the law, without costs, and proceeding remanded to the Family Court for a hearing in accordance herewith. In view of appellant's allegations of drastically changed financial circumstances since the entry of the first order, "the Family Court acted improvidently in not holding a hearing as to appellant's *current* financial situation and the needs of petitioner and the children for support" before it promulgated the subsequent orders *(Matter of Hunter v Hunter,* 41 AD2d 772, 773 [emphasis supplied]). Martuscello, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ In the Matter of CYNTHIA GROOPMAN, Respondent, v COMMUNITY SCHOOL BOARD No. 24, QUEENS, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to annul a determination which, after a hearing, terminated petitioner's services as a probationary teacher, the appeal is from a judgment of the Supreme Court, Queens County, dated March 31, 1972, which, *inter alia,* granted the petition, directed appellants to restore petitioner to her position, *nunc pro tunc* as of August 31, 1971, together with salary from that date, and remanded the matter to appellants for a new hearing. Judgment modified, on the law, by striking therefrom the third decretal paragraph and the following from the fourth decretal paragraph: "to be represented by counsel". As so modified, judgment affirmed, without costs. A hearing held pursuant to section 105a of the by-laws of the Board of Education of the City of New York must conform only to those standards of due process articulated in *Matter of Brown v Board of Educ. of City of N. Y.* (42 AD2d 702). We reiterate that questions of license revocation and discontinuance of probationary employment are separate and distinct and a full-scale plenary hearing with representation by independent counsel may not be had concerning the latter *(Greenwald v Community School Bd. No. 27, Queens,* 42 AD2d 965; *Matter of Brown v Board of Educ. of City of N. Y., supra).* Furthermore, we hold that in the manner in which this case was presented, the direction in the order that petitioner be restored to her position and receive back pay before a new hearing is held was premature. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.