■ YONKERS COMMUNITY DEVELOPMENT AGENCY, Appellant, v THOMAS BARCA et al., Doing Business as BARCA BROS., et al., Respondents—In a condemnation proceeding, plaintiff appeals from a final order of the Supreme Court, Westchester County, dated November 3, 1975, which, *inter alia,* (1) confirmed a report of commissioners of appraisal and (2) granted respondents Barca an "extra allowance" of 5% upon the award. Order affirmed, without costs or disbursements. The valuation of the commissioners was arrived at in accord with established procedure and we find it to be fair and proper. Moreover, Special Term did not abuse its discretion by its award of a statutory 5% additional allowance (see Condemnation Law, § 16, subd 2). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ In the Matter of LEIBU S. AVRAM, Appellant, v HARVEY B. SCRIBNER, as Chancellor, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent community school board to terminate petitioner's services as a teacher of French and to compel his reinstatement, petitioner appeals from a judgment of the Supreme Court, Kings County, dated September 5, 1972, which denied the application and dismissed the petition. Judgment reversed, on the law, and petition granted to the extent that the respondent Chancellor is directed to restore petitioner's license to teach French in the junior high schools immediately; petition otherwise dismissed on the merits, without costs or disbursements. As a probationary teacher, petitioner's services were properly terminated in accordance with the provisions of section 105a of the bylaws of the board of education (see *Matter of Brown v Board of Educ. of City of N. Y.,* 42 AD2d 702, mot for lv to app den 34 NY2d 519). However, the Chancellor was in error, and he so concedes in his brief, in revoking petitioner's license to teach (see *Greenwald v Community School Bd. No. 27, Queens,* 42 AD2d 965; *Matter of Ambrose v Community School Bd. No. 30,* 48 AD2d 654, 655). The revocation of petitioner's license has therefore been annulled. Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.