■ In the Matter of JEAN WILKS, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent chancellor, dated February 7, 1974, which, after a hearing, discontinued petitioner's services as a probationary teacher, petitioner appeals from a judgment of the Supreme Court, Kings County, dated October 20, 1974, which denied her application and dismissed the proceeding. Judgment reversed, without costs or disbursements, and matter remanded to the respondent chancellor for further proceedings consistent herewith. The key issue on this appeal is whether an admittedly defective notice of hearing, mailed to petitioner pursuant to section 105a of the by-laws of the respondent board of education, was nevertheless cured when the hearing examiner advised petitioner of her rights at the commencement of the hearing. Section 105a provides that any person summoned to appear before the superintendent of schools, or before a committee designated by him, shall be so notified in writing. The section further mandates that the notice "shall inform the said person that he is entitled to appear in person, to be accompanied and advised by an employee of the Board of Education, to be confronted by witnesses, to call witnesses and to introduce any relevant evidence." There is no doubt that the notice received by petitioner did not advise her of these rights. Nevertheless, she did appear at the hearing, and was accompanied by a union representative. She was, thereat, orally advised of those rights, but did not cross-examine the witnesses or produce a witness, although a statement was made. We hold that the oral notification of petitioner's rights at the hearing did not cure the defective notice. Furthermore, petitioner's participation in that hearing, on these facts, does not constitute a waiver of her rights to, among other things, cross-examine witnesses or produce evidence. We have previously held in this respect that the respondent board must comply with its own by-laws (Matter of Ambrose v Community School Bd. No. 30, 48 AD2d 654). And, in situations involving similarly defective notices, we have annulled determinations where teachers have been specifically denied the right to cross-examine (Matter of Ambrose, supra; Matter of Spellens v Community School Bd. No. 19, 48 AD2d 658) or were not advised of their rights, even at the hearings (Matter of Parris v Board of Educ. of City of N. Y., 48 AD2d 835; Matter of McAteer v Community School Bd. No. 15, 48 AD2d 853). The situation herein, albeit evidencing belated notification at the hearing, does not affect the invalidity of the administrative determination. Specifically, the notice, as embodied in section 105a, serves two purposes: first, to inform an individual of the specifications and of her rights relevant thereto; second, to provide the individual with an adequate opportunity to avail herself of those rights. The giving of a right, per se, is meaningless unless an individual has time to effectively prepare and, thereby, utilize it. Accordingly, the oral notification given at the hearing only satisfied the first requirement, namely, to notify. But, to proceed with the hearing immediately thereafter, without counterbalancing assurances that petitioner was prepared in respect to the newly informed rights, does not evidence that she was intentionally and knowingly proceeding. Her participation was neither an express nor an implied waiver of her right to receive proper notice of the hearing. Hopkins, Acting P. J., Cohalan and Christ, JJ., concur; Shapiro and Titone, JJ., dissent and vote to affirm the judgment, with the following memorandum: Although the notice mailed to petitioner pursuant to section 105a of the respondent board's by-laws failed to comply with that by-law because it did not advise petitioner of her right to be "confronted by witnesses" against her, the defect was subsequently cured at the hearing

held on January 9, 1974, at which time petitioner, who was represented at the hearing by a United Federation of Teachers' adviser, was not only advised, in effect, of such right, but was also given an opportunity to cross-examine witnesses (cf. *Matter of Ambrose v Community School Bd. No. 30*, 48 AD2d 654, wherein such a defect had not subsequently been cured at the hearing).