■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v SUNY, UPSTATE MEDICAL CENTER, Respondent.—Determination unanimously confirmed, without costs. Memorandum: Judith Kimball brings this proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeals Board which affirmed the decision of the State Division of Human Rights dismissing her complaint for lack of jurisdiction. The complaint alleged discrimination based on sex. Claimant was employed by respondent as director of occupational therapy from December, 1968 to March 19, 1973 when she voluntarily resigned. She filed her complaint with the division on April 11, 1974, 13 months after her voluntary resignation, 14 months after her return to work and 16 months after written denial of her request that accrued sick leave benefits be applied to her maternity leave absence. The division found and the appeals board affirmed that pursuant to subdivision 2 of section 297 of the Executive Law it has no jurisdiction in the matter since the complaint was filed more than one year after the

alleged unlawful discriminatory practice (Executive Law, § 297 subd 5). Claimant contends that the Statute of Limitations is tolled while grievance procedures are pursued under collective bargaining and that the discriminatory acts are of a continuing nature and therefore not time-barred. Rules and regulations promulgated by the division pursuant to subdivision 5 of section 295 of the Executive Law provide in part, as follows: "If the alleged unlawful discriminatory practice is of a continuing nature, the date of its occurrence shall be deemed to be any date subsequent to its inception up to and including the date of its cessation" (9 NYCRR 465.3 [e]). Claimant's nonpaid maternity leave terminated when she returned to work in February, 1973. Her voluntary resignation on March 19, 1973 is the latest date from which she could claim such discrimination. Even if the acts of the respondent were found to be of a continuing nature, their cessation more than one year prior to the filing of the complaint time-bars such complaint. Whether instituting grievance proceedings under collective bargaining tolls the Statute of Limitations, and we find no provision for such a toll in the law or regulations here, there is only a bare allegation in the complaint that the complainant contacted her bargaining representative at least twice each month since she left the employment of the respondent. The field representative for the successor of her bargaining association was unable to find any material indicating that any grievance was processed on her behalf. In any event, since no grievance was ever processed, there is no basis upon which the Statute of Limitations could be tolled. The complaint was filed more than one year after the cessation of the alleged continuing discriminatory practice, and there is no basis for tolling the Statute of Limitations. Therefore, the division was correct in finding that it had no jurisdiction *(Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd., State Div. of Human Rights,* 49 AD2d 766). (Proceeding pursuant to section 298, Executive Law.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.