■ In the Matter of DOROTHY AGINS, Appellant, v BOARD OF EDUCATION, PLAINEDGE UNION FREE SCHOOL DISTRICT, et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent board of education, dated September 7, 1977, which confirmed petitioner's transfer from the John H. West Elementary School to a different elementary school, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated March 6, 1978, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted, determination annulled, and respondents are directed to reassign petitioner to the John H. West Elementary School. As a result of overstaffing, petitioner, a teacher, was transferred from the John H. West Elementary School to another elementary school, while teachers with less seniority were permitted to remain. Special Term grounded its decision to dismiss the petition on a rule (Policy No. 4115) adopted by the board on October 27, 1960, which states: "ASSIGNMENT The assignment of staff members and their transfer to positions in the various schools and departments of the district shall be made by the Superintendent of Schools upon the recommendation and/or request of the following: The Director of Secondary Education; the Director of Elementary Education; the Building Principal; the teacher." Special Term also noted that Policy No. 4115 and the board's action, as they affected petitioner, comported with sections 1711 (subd 4, par e) and subdivision 33 of 1709 of the Education Law. The former section concerns "Appointment of superintendent of schools" and paragraph e of subdivision 4 thereof states, inter alia, that the superintendent shall have the power "to transfer teachers from one school to another". The subdivision was added to the law effective July 1, 1963 (L 1963, ch 470, § 2). Subdivision 33 of section 1709 of the Education Law was added effective April 3, 1956 (L 1956, ch 256, § 2). It gives the board of education of a union free school district the power: "To have in all respects the superintendence, management and control of the educational affairs of the district, and, therefore, shall have all the powers reasonably necessary to exercise powers granted expressly or by implication and to discharge duties imposed expressly or by implication by this chapter or other statutes." As opposed to the foregoing items, petitioner points to a rule with an identical number

(Policy No. 4115) entitled "Teacher Transfer". Subdivision 4 of this rule was adopted by the board on June 4, 1964, some three years and eight months after the adoption of the "assignment" policy and subsequent, also, to the afore-mentioned amendments to the Education Law. "TEACHER TRANSFER * * * 4. When, for any reason, a building is found to be overstaffed, the teachers who have the least experience in the Plainedge Public School system will be declared the excess staff members." As noted above, there is no question that when petitioner was transferred she had more experience (seniority) than others who remained behind at the John H. West School. The board asserts that the second Policy No. 4115 is merely a statement of "administrative procedure". Whatever nomenclature it chooses to adopt, the board is bound by its own actions. By analogy, the rule is a special statute or local act which transcends an antecedent general law covering the same subject matter (see McKinney's Cons Laws of NY, Book 1, Statutes, § 397). If the school authorities had intended subdivision 4 of the transfer rule to be a mere statement of administrative procedure, they should have used the permissive "may" rather than the imperative "will" therein. The adopted rule is not proscribed by statute and it has the force and effect of law (see *Matter of Longarzo v Anker,* 49 AD2d 879; *Matter of Parris v Board of Educ.,* 48 AD2d 835; *Matter of Ambrose v Community School Bd. No. 30,* 48 AD2d 654). Therefore, the transfer of petitioner because of overstaffing was improper. We do not hold that the respondent superintendent lacks authority to transfer teachers without regard to seniority for reasons other than overstaffing. However, we do hold that the rule is controlling under the factual circumstances presented here. Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.