■ In the Matter of ELIZABETH AMBROSE, Appellant, v COMMUNITY SCHOOL BOARD No. 30 et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to reinstate petitioner as a teacher of common branches, the petitioner appeals from a judgment of the Supreme Court, Kings County, entered June 5, 1979, which dismissed the petition. Judgment reversed, without costs or disbursements, and the matter is remanded to Community School Board No. 30 for the purpose of submitting the question of petitioner's retention or discharge to a formal vote and for the execution of a resolution reflecting its action thereon. The petitioner was a probationary teacher of common branches whose services were terminated by her local community school board as of January 31, 1973. That action of the community board resulted in an article 78 proceeding being commenced which eventually reached this court *(Matter of Ambrose v Community School Bd. No. 30,* 48 AD2d 654, hereinafter *Ambrose I).* We reversed the judgment dismissing the petition and remanded the matter to the Chancellor of the Board of Education of the City of New York for a new hearing, pursuant to the provisions of section 105a (now section 5.3, subds 4B, C) of the board's by-laws, because certain of her procedural rights provided for in former section 105a had been violated. Many of the issues raised on this appeal were raised, or could have been raised in the petitioner's first proceeding. *Ambrose I* finally determined all of these matters and in the interest of preserving the finality of our previous determinations, we cannot permit the petitioner to raise these questions anew (see, generally, *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304). However, *res judicata* does not prevent this court from considering the material events which took place after *Ambrose I* was decided. We have considered the petitioner's arguments concerning those events and find them to be generally without merit. The petitioner was given a new hearing and, as a result, the Chancellor informed the petitioner that "I do not concur with the

recommendation of your Community Superintendent and Principal to deny certification of completion of your probationary service and have so advised the Community Superintendent." Since the hearing terminated in the petitioner's favor, she can have no viable complaints about the conduct of the hearing as such. By law, it is the community board that finally decides whether it wishes to terminate a probationary teacher's services (Education Law, § 2590-e, subd 2). The Chancellor's findings are merely advisory. The community board is not a quasi-judicial body but an executive one. It may retain or discharge a probationary teacher for cause or for administrative reasons having nothing to do with the teacher's performance (see, generally, *Matter of Venes v Community School Bd. of Dist. 26,* 43 NY2d 520, 525). While it may not discharge a teacher for certain constitutionally impermissible reasons, its power is otherwise unfettered and it may discharge a probationary employee without giving him a reason *(James v Board of Educ.,* 37 NY2d 891; *Matter of Bergstein v Board of Educ.,* 34 NY2d 318, 322). It is only by virtue of a collective bargaining agreement that such an employee has a right to any hearing at all *(Matter of Brown v Board of Educ.,* 42 AD2d 702), and a probationary employee's rights at such a hearing extend no further than the by-laws of the board of education permit. However, the petitioner complains that when this matter was referred to the community board after she was given her *de novo* hearing, the board did not adopt a second formal resolution terminating her services. There is nothing in the record to indicate what action the board actually took, but the respondents admit in their brief that no formal resolution was voted upon. While we did not expressly nullify the resolution of the community board in *Ambrose I,* it should be obvious that we did not remand the matter for a *de novo* hearing with the intent that such hearing should be without some effect upon the petitioner's substantive rights. We, therefore, remand this matter to the community board so that petitioner's retention or discharge may be determined by a resolution of the community board after this question has been put to a formal vote. Hopkins, J. P., Titone, Lazer and Gibbons, JJ., concur.