■ In the Matter of MYRNA SCHENSUL, Appellant, v COMMUNITY SCHOOL BOARD 32 et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Community School Board 32, dated July 13, 1983, which denied the petitioner a certificate of completion of probationary service, the petitioner appeals from a judgment of the Supreme Court, Kings County (Krausman, J.), dated January 9, 1985, which denied the petition.

Judgment affirmed, without costs or disbursements.

The petitioner was appointed to a position as a reading coordinator for Community School District 32 in September 1974. In April 1979 she was designated to serve as an interim acting education administrator, and in August 1980, after a selection process, she was appointed acting education administrator. On May 17, 1982, the petitioner was licensed as an education administrator and was subsequently appointed to that position. The Board of Education determined that the petitioner's probationary period for that position would end on

August 12, 1983, and that she would be eligible for tenure on that date.

In July 1983, the petitioner was denied a certificate of completion of probation due to excessive latenesses. After a hearing before a Chancellor's Committee pursuant to New York City Board of Education Bylaws § 5.3.4, the Chancellor recommended the denial of tenure to the petitioner and the respondent Community School Board 32 adopted that recommendation.

Special Term properly determined that the petitioner's probationary period began in August 1980 when she was appointed acting education administrator of District 32. The petitioner's service as interim acting education administrator did not fulfill the probationary requirement because it was a temporary assignment, rather than an appointment by the Board of Education pursuant to Education Law § 2573 (1) (b) *(see, Board of Educ. v Nyquist,* 31 NY2d 468).

The record does not support the petitioner's contention that the duties she performed as reading coordinator were the same as those of an education administrator. The fact that a license was required for the position of education administrator indicates that this was a separate tenure area requiring a new probationary period *(see, Matter of Steele v Board of Educ.,* 40 NY2d 456, *rearg denied* 40 NY2d 918).

The denial of tenure to the petitioner due to an excessive number of latenesses was not arbitrary or capricious, as community school boards have broad discretion in determining whether to grant tenure to probationary employees *(see, Matter of Ambrose v Community School Bd. No. 30,* 74 AD2d 870). The petitioner's contention that she was denied a fair hearing before the Chancellor's Committee is without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.