In the Matter of DORIS MUNGER, Petitioner *v.* STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

First Department, October 16, 1969

*Milton M. Carrow* of counsel (*Landis, Carrow, Bernson & Tucker,* attorneys), for petitioner.

*Richard M. Bronstein* of counsel (*Henry Spitz, General Counsel*), for State Division of Human Rights, respondent.

*Donald C. Rood* of counsel (*Philip J. Hogan* and *John R. Hill* with him on the brief; *Hardin, Hess, Eder & Rashap,* attorneys), for United Air Lines, Inc., respondent.

*Per Curiam.* This is a special proceeding pursuant to section 298 of the Human Rights (Executive) Law to review an order of the State Human Rights Appeal Board dated June 25, 1969, affirming an order of the State Division of Human Rights dismissing petitioner's complaint for untimeliness.

Petitioner was employed by United Air Lines, Inc. as an airline stewardess for more than three years prior to September 1967. On September 30, 1967 petitioner resigned. She was married October 7, 1967. On September 5, 1968 petitioner applied for reinstatement. Her application was rejected because she was married. Petitioner filed a complaint with the State Division of Human Rights on November 13, 1968, alleging discrimination grounded on her sex, in violation of section 296 of the Human Rights (Executive) Law.

The issue involves the construction of subdivision 5 of section 297 of the Human Rights (Executive) Law, which provides: "Any complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice." Respondents contend the discriminatory practice occurred on the date of resignation, September 30, 1967, more than one year prior to the filing of the complaint on November 13, 1968. Petitioner claims the discriminatory practice occurred on September 5, 1968, when her application for reinstatement was rejected. The dismissal is grounded on the complaint, which alleges petitioner resigned. Absent a record establishing otherwise, it must be assumed the resignation was voluntary and not coerced by respondent United Air Lines, Inc. Respondents' contention that petitioner was compelled to resign because she intended to marry is a matter of defense, which is irrelevant on the dismissal grounded on the complaint alone. Respondents cite *Labor Relations Bd.* v. *Pennwoven, Inc.* (194 F. 2d 521 [C. A. 3d, 1951]) and *National Labor Relations Bd.* v. *Textile Mach. Works* ( 214 F. 2d 929 [C. A. 3d, 1954]). These cases support petitioner's position that if she voluntarily resigned and thereafter applied for reinstatement, the time to file her complaint ran from the refusal to reinstate.

Petitioner is required to establish she resigned voluntarily on September 30, 1967 in order to qualify for relief under the statute for the time limitation therein is a qualification on the rights thereby created. (*Romano* v. *Romano,* 19 N Y 2d 444.)

The complaint was timely made if, as is alleged, petitioner voluntarily resigned. We pass on no other question. The determination should be vacated and annulled, on the law, without costs, and the matter remitted to the State Division of Human Rights for proceedings not inconsistent herewith.

EAGER, J. P., CAPOZZOLI, TILZER, NUNEZ and ·MCNALLY, JJ., concur.

Determination of the State Human Rights Appeal Board is vacated and annulled, on the law, without costs and without disbursements, and the matter remitted to the State Division of Human Rights for proceedings not inconsistent with the *Per Curiam* opinion of this court.