■ STATE DIVISION OF HUMAN RIGHTS Respondent, v UNIVERSITY OF ROCHESTER et al., Appellants.—Order unanimously reversed, without costs, and motion denied in accordance with the following memorandum: Appellants appeal from an order of Special Term which granted complainant's motion to enforce two subpoenas duces tecum issues by the private attorney of complainant Noble and which determined that the complaint, insofar as it charged the preferment of Mr. Hill over complainant, was not barred by the one-year period of limitation (Executive Law, § 297, subd 5). Complainant Noble is a perfusionist at Strong Memorial Hospital. She alleges that appellants unlawfully discriminated against her because of her sex by appointing one Aaron Hill to a position which she sought and for which she was qualified, that of chief perfusionist. Mr. Hill's appointment was effective January 1, 1974. The complaint filed with the State Division of Human Rights on March 3, 1975 charged that appellants had unlawfully preferred Mr. Hill and had engaged in acts of discrimination towards women employees generally. The division has not made a finding of probable cause and the matter is still in the investigative stage. The subpoenas are quashed. A private attorney may not issue a subpoena duces tecum during the investigatory stage of discrimination proceedings. There is no statutory provision in the Executive Law for the issuance of subpoenas by private attorneys, although the statute provides that the division may issue a subpoena at "any stage of any investigation or proceeding before it" and may make rules with respect thereto (Executive Law, § 295, subd 7). The division rules permit private attorneys representing complainants to issue subpoenas as provided in the CPLR (9 NYCRR 465.10). In turn, CPLR 2302 provides that an attorney may issue subpoenas in administrative proceedings. This power to issue subpoenas, however, was designed to make evidence available at a hearing on the merits. Before a determination of probable cause, the complainant may be represented by an attorney but the matter is to be investigated by the State division. Thus, the statute provides for various preliminary procedures designed to promote amicable settlements (see Executive Law, § 297) and for the dismissal of a complaint "in the unreviewable discretion" of the division if it finds that the complaint lacks substance. If the division requires preliminary information obtainable by subpoena, the statute provides it with that authority, but before the hearing stage the division should be free to work its will without interference by the complainant's private attorney, and the complainant is not permitted to use the subpoena power as a discovery device (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2302). Furthermore, the complaint, insofar as it relates to the Hill promotion, was filed more than one year after the incident and is time-barred. The statutory limitation is integral to the right of relief which the statute created. It is not a matter of defense. Unless the complainant brings the proceeding within the one-year period, she has no cause of action *(Matter of Munger v State Div. of Human Rights,* 32 AD2d 502; and see *Romano v Romano,* 19 NY2d 444, 447). The wrong is not a continuing one as Special Term held, because the promotion was a single act. *Matter of Russell Sage Coll. v State Div. of Human Rights* (45 AD2d 153, affd 36 NY2d 985), relied upon by complainant, is inapposite. In that case complainant, one of three

professors performing equal duties, received lesser pay than her male colleagues, although she had higher qualifications. Each pay check thus became a further act of discrimination. In this case there was only one alleged act of discrimination, the appointment of Mr. Hill. His higher salary and his continuing employment are the result of that promotion, not the result of any continuing discrimination. The complaint insofar as it charges appellants with unlawful discrimination in the appointment of Mr. Hill is dismissed. (Appeal from order of Monroe Supreme Court—proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.