STATE DIVISION OF HUMAN RIGHTS, Respondent, v WESTMORE-
LAND CENTRAL SCHOOL DISTRICT, Petitioner.

Fourth Department, February 25, 1977

*Michael DeSantis* for petitioner.

*Beverly Gross (Ann Thacher Anderson* of counsel), for re-
spondent.

WITMER, J. Petitioner, Westmoreland Central School Dis-
trict, seeks review and annulment, under section 298 of the
Executive Law, of a determination by respondent State Hu-
man Rights Appeal Board (Board) which modified and, as
modified, affirmed a determination by respondent State Divi-
sion of Human Rights (Division) finding that petitioner had
discriminated against complainant Rita Mossler because of
her sex.

Complainant had been employed by petitioner as a teacher
since 1965. In February, 1972 she informed her school princi-

pal that she was pregnant and expected her child in August. She requested sick leave, but was instructed to ask for maternity leave and did so. In April she was advised by petitioner by letter that she was granted unpaid maternity leave, effective June 1, 1972 until three months after the birth of her child. She commenced her maternity leave on June 1, but by letter of August 2 she requested that she be allowed to return to work as soon as possible after the birth of her child. She gave birth on August 31, 1972, and on September 12, 1972 she informed her principal that she was ready and able to return to work at once, but he refused to permit her to return until October 2, 1972.

By letter of April 9, 1973 complainant requested that her salary for the months of June and September, 1972 be paid because her teaching duties had been terminated by petitioner without legal cause. With respect to the month of September she asked for sick leave pay for the first eleven days and for regular back pay for the rest of the month. She produced a letter from her doctor certifying that she could have worked throughout the month of June and from September 12 through September 30. On June 7, 1973 petitioner rejected complainant's request for back pay or sick leave pay. On July 24, 1973 complainant filed with the Division a complaint for sick leave and back pay, later amended, and it is that complaint as amended that petitioner seeks to have dismissed.

Complainant had over 80 days of sick leave credit, and the Division ordered petitioner to pay her sick leave pay for the first 11 days of September and back pay for the rest of the month of September. The Division determined, however, that because complainant filed her claim for pay for the month of June, 1972 on July 24, 1973, more than a year after the payment was due, it was barred by the one-year Statute of Limitations contained in subdivision 5 of section 297 of the Executive Law. Petitioner appealed this determination to the Appeal Board, and it affirmed the awards for the month of September but reversed the denial of back pay for the month of June and ordered petitioner also to make that payment to complainant. The Board relied upon *Culpepper v Reynolds Metals Co.* (421 F2d 888), which held that an effort made by the complainant to settle the claim before the Statute of Limitations had run tolled the statute.

Petitioner contends (1) that the State Division of Human Rights has no jurisdiction over this matter and (2) that the

Statute of Limitations barred the claim for back pay for June, 1972.

(1) The lack of jurisdiction argument is that no claim is stated under section 296 of the Executive Law, for the claim is based only upon the denial of due process resulting from the enforcement of petitioner's maternity leave policy and not upon unlawful discrimination. Petitioner relies upon *Cleveland Board of Educ. v LaFleur* (414 US 632) which held that mandatory provisions for unpaid maternity leave violate the due process clause of the Fourteenth Amendment. This argument by petitioner is shown to be without merit by the opinion of Mr. Justice JAMES D. HOPKINS in *Board of Educ. v New York State Div. of Human Rights* (42 AD2d 49, affd on that opn 35 NY2d 673) and by *Union Free School Dist. v New York State Human Rights Appeal Bd.* (35 NY2d 371). In the latter case, in reliance upon the former, the Court of Appeals wrote (p 375), "We have held that a personnel policy which singles out pregnancy among all other physical conditions to which a teacher may be subject, as a category for special treatment in determining when leave from duty shall begin is prohibited by the proscriptions of our State's Human Rights Law". We have heretofore reached the same conclusion *(Camillus Cent. School Dist No. 1 v State Div. of Human Rights,* 44 AD2d 774).

(2) Subdivision 5 of section 297 of the Executive Law provides that, "[a]ny complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice". This time limitation is mandatory; it is in the nature of a condition upon the substantive right conferred by the Human Rights Law *(Romano v Romano,* 19 NY2d 444, 448-449; *State Div. of Human Rights v University of Rochester,* 53 AD2d 1020; *Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeal Bd., State Div. of Human Rights,* 49 AD2d 766; *Lanzer v Fairchild Pub.,* 46 AD2d 644). In our view the Appeal Board's reliance on *Culpepper v Reynolds Metals Co.* (421 F2d 888, *supra)* was misplaced in light of the facts of this case. In *Culpepper* there was a 90-day Statute of Limitations which expired while complainant was attempting to resolve her claim through contractual grievance remedies. In contrast, here complainant did not choose to avail herself of contractual grievance procedures and only after she had returned to work for over six months did she submit a letter to petitioner stating her claim.

To permit such a communication to toll the Statute of Limitations contained in subdivision 5 of section 297 of the Executive Law would in effect rescind that provision of the law (see *Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeal Bd., State Div. of Human Rights,* 49 AD2d 766, *supra).* Accordingly, the Board erred in basing its ruling on *Culpepper.*

On another ground, however, the ruling of the Board should be approved. In a concurring opinion two members of the Appeal Board concluded that petitioner's wrong to complainant commenced in June, 1972 and continued through September, 1972, and hence that the statutory year had not expired when the complaint was filed in July, 1973. We agree. Complainant was required to take maternity leave on June 1, 1972 and was not permitted to return to work until October 2, 1972 pursuant to petitioner's illegal maternity leave policy. There is no rational basis for treating the month of June differently from the month of September with respect to the time limits for filing a complaint—they were part and parcel of a continuing discriminatory act. The Division's regulation (9 NYCRR 465.3 [e]) pertaining to subdivision 5 of section 297 of the Executive Law, provides in part, "If the alleged unlawful discriminatory practice is of a continuing nature, the date of its occurrence shall be deemed to be any date subsequent to its inception up to and including the date of its cessation". Under that regulation the Statute of Limitations began to run when the discrimination ceased on October 2, 1972, and hence the complaint filed on July 24, 1973 was timely *(Matter of Russell Sage Coll. v State Div. of Human Rights,* 45 AD2d 153, affd 36 NY2d 985; cf. *State Div. of Human Rights v University of Rochester,* 53 AD2d 1020, *supra).*

We note that complainant did not cross-appeal to the Appeal Board. The regulations of that Board (9 NYCRR 550.12, made pursuant to Executive Law, § 297-a, subd 6, par b.) provide in part, "[w]henever there is no resulting prejudice to the substantial rights of any party to the proceeding, the board may consider and decide under its limited power of review any issues presented by the record * * * though not specifically indicated in the notice of appeal nor requested". Petitioner has not objected to the right of the Appeal Board to amend the Division's determination; the modification does not prejudice a substantial right of petitioner; and, therefore, the

Board had authority to make the modification in favor of complainant in the absence of a cross appeal.

The determinations of the Division and the Appeal Board are supported by substantial evidence (see *Board of Educ. v New York State Div. of Human Rights,* 35 NY2d 673, affg 42 AD2d 49, *supra);* and those determinations should be confirmed and the petition dismissed.

MOULE, J. P., CARDAMONE, SIMONS and DILLON, JJ., concur.

Determinations unanimously confirmed without costs and petition dismissed.