OPINION OF THE COURT
Arnold G. Fraiman, J.
This is a motion by defendant pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint on the ground that the action has not been timely commenced. The complaint, which is brought pursuant to subdivision 9 of section 297 of the Human Rights Law (Executive Law, art 15) alleges that on September 17, 1976 defendant airline, which had been plaintiff’s employer, demoted him from supervisor, in-flight services to line flight attendant because he was a male and 50 years of age, in violation of section 296 (subd 1, par [a]) of the Human Rights Law.
Prior to commencing the instant action, on December 10, 1976 plaintiff had filed a complaint against defendant containing the same allegations with the State Division of Human Rights pursuant to subdivision 1 of section 297. On September 15, 1977, before any determination had been made on that complaint, plaintiff requested in writing that it be withdrawn on the ground of administrative convenience "as of the date of this letter”. Thereafter, the division dismissed the complaint on the ground requested) in an order dated September 29, 1977. The order indicated that the dismissal was at the request of complainant, and noted that "[processing of complaint could prejudice complainant’s right to proceed with his cause of action in any court of appropriate jurisdiction.” It then quoted a portion of subdivision 9 of section 297, which provides that the dismissal of a complaint before the Human Rights Division on the ground of administrative convenience is no bar to the bringing of an action in any court of appropriate jurisdiction.
On the same day (Sept. 15) as plaintiff had requested the dismissal of his complaint before the Division of Human Rights, he filed a summons with the clerk of this court pursuant to CPLR 203 (subd [b], par 5). Defendant was ultimately served with this summons and the instant complaint on October 31, 1977.
In support of its motion to dismiss the complaint as untimely, defendant cites subdivision 5 of section 297 of the *221 Human Rights Law, which requires that a complaint filed pursuant to that section must be filed within one year of the alleged discriminatory practice. It also cites section 300, which provides that a proceeding before the Human Rights Division, while pending, shall be exclusive. It concludes that inasmuch as plaintiff had commenced a proceeding before the Human Rights Division on December 10, 1976 and that such matter was pending until its dismissal on September 29, 1977, plaintiff was precluded from commencing an action in this court during that period, by reason of section 300. Accordingly, it contends that plaintiffs filing of a summons with the clerk on September 15, 1977, while the Human Rights Division proceeding was still pending, was a nullity, and his service of the summons and complaint on defendant on October 31, 1977, while not barred by section 300, was untimely under subdivision 5 of section 297 in that it was served more than one year after September 17, 1976, the date of the alleged discriminatory act.
The court can find no flaw in this argument. Subdivision 9 of section 297 provides that a person aggrieved by a discriminatory practice may bring a court action for damages, unless he has filed a complaint with the Human Rights Division, in which case, as noted, section 300 provides that while pending, the proceeding before the Human Rights Division is exclusive. The one-year time limitation in subdivision 5 of section 297 is mandatory. (State Div. of Human Rights v Westmoreland Cent. School Dist., 56 AD2d 205.) Unless the proceeding is brought within the one-year period, there is no cause of action. (State Div. of Human Rights v University of Rochester, 53 AD2d 1020.) Nor does the commencement of the proceeding before the Division of Human Rights and its subsequent discontinuance for administrative convenience serve to toll the limitation period. (Popp v Pan Amer. World Airways, NYLJ, Dec. 20, 1977, p 5, col 1.) As the court there noted, "[although the statute states that upon such a discontinuance * * * 'such person shall maintain all rights to bring suit as if no complaint has been filed,’ that language serves only to preserve plaintiffs right to sue, but does not provide him with an extension of time.”
In an effort to bring himself within the one-year statutory period, plaintiff presents a number of arguments, only one of which is worthy of discussion. He contends that the provisions of CPLR 203 (subd [b], par 5) render subdivision 5 *222 of section 297 and section 300 of the Human Rights Law inapplicable to the facts in this case. That section of the CPLR provides, in relevant part, that a claim is interposed against a defendant when the summons is filed with the clerk of the court "if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision”. Plaintiff argues that his filing of the summons with the clerk on September 15, 1977, at a time when the Human Rights Division proceeding was still pending, was not a nullity because the filing only tolled the running of the Statute of Limitations, and did not constitute the commencement of an action, which occurred only on October 31, 1977 when the summons and complaint were served on defendant, at which time the administrative proceeding had been terminated. However, contrary to plaintiff’s contention, while the filing of the summons with the clerk does have the effect of tolling the statute, it is axiomatic that it does so for the very reason that it constitutes the commencement of the action. The further requirement that the summons must also be served upon the defendant within 60 days after the period of limitation would have expired merely places a time limitation on which defendant must be served, on pain of the action being barred by the Statute of Limitations. In its absence, plaintiff could conceivably file a summons with the clerk and then wait 25 years before serving defendant, the passage of so many years thereby obviating any opportunity for defendant to present an intelligent defense to the action.
While the motion to dismiss the complaint must be granted for the foregoing reasons, the court does so reluctantly because the dismissal is purely on a technicality and deprives plaintiff of his day in court. Nor has defendant been in any way prejudiced by the fact that it was served with the summons and complaint more than one year after the alleged discriminatory act, inasmuch as it was fully apprized of plaintiff’s claim as early as December, 1976 when the administrative proceeding was commenced. Moreover, plaintiff, apparently mindful that the one-year limitation period was about to run when he requested in writing on September 15, 1977 that the administrative proceeding be terminated, asked that it be discontinued as of that date. If it had been, his action herein, also commenced on that date, would have been timely. Although the Human Rights Division in its order of September *223 29, acquiesced in plaintiffs request to dismiss the complaint and, as noted, even specifically alluded to the fact that its dismissal was without prejudice to his commencing a court action, it inexplicably did not make its order of dismissal retroactive to September 15, which was also sought. Its failure to do so may well have been an oversight on its part, and if advised of the dire consequences to plaintiff flowing from its omission, it is entirely conceivable that on an application to reconsider, it would amend its order. Barring such an occurrence, however, it would appear that plaintiff, by voluntarily discontinuing the administrative proceeding, has deprived himself of his day in court.