**Thomas PUNCH, John F. Leyden and Robert J. Martin, Individually on behalf of all others similarly situated, Plaintiffs,**

v.

**The SINGER COMPANY, Defendant.**

No. 75 Civ. 4580(PNL).

United States District Court,
S. D. New York.

Dec. 8, 1978.

Thomas J. Leyden, Sr., Spring Valley, N. Y., for plaintiffs.

Martin, Obermaier & Morvillo, New York City, for defendant.

## ORDER

LEVAL, District Judge.

This motion for summary judgment pertaining to the tricky and complex timing requirements of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (the "ADEA"), raises a refinement of an issue decided by the Court of Appeals for the Second Circuit in *Reich v. Dow Badische Co.*, 575 F.2d 363 (2d Cir. 1978).

In *Reich* a divided court held that, in a state which provides a remedy for age discrimination, an aggrieved party would be barred access to the federal remedy unless he had previously filed a timely claim for state relief. The present case raises the question whether the required prior state claim must be not only timely, but also sufficient to comply with state requirements for the commencement of such an action.[1]

The facts are as follows. Thomas Punch, John F. Leyden and Robert J. Martin were employed by defendant Singer Company ("Singer") as branch managers until July, 1974. Singer terminated their employment effective July 12, 1974, but each of them actually worked through July 26 or 27 and were paid through July 27. Plaintiffs were over forty years old when they were discharged.

On May 9, 1975, plaintiffs' counsel filed charges alleging age discrimination with the New York State Division of Human Rights (the "Division").[2] These notices were received by the Division on or about May 12, 1975.[3]

The materials sent to the Division included a sworn, notarized statement, appropriately completed by each claimant, which read as follows:

> I was discharged from my employment as a Manager with the Singer Company because of my age. My age at the present time is _____ and my last day of work with the Singer Company was _____. I received my final settlement money from my employment with the Singer Company on _____.

In addition, counsel sent to the Division all materials which plaintiffs had filed the same day with the Department of Labor, including a copy of counsel's transmittal letter to the Department which stated that "all of these victims of age discrimination were Branch Managers for the Respondent, all were over forty years of age, all were within a year or two of obtaining vested pension rights—and all were discharged because of their age." The letter further

---

1. A motion by the defendant for summary judgment was previously decided in favor of the plaintiffs by my colleague Judge Griesa. Because of the occurrence of two significant events since his decision, one being a decision of the New York State Division of Human Rights, dated March 17, 1977, to the effect that the plaintiffs' New York State action was filed on September 11, 1975 and was, therefore, untimely, the second being the Second Circuit's decision in *Reich v. Dow Badische, supra*, to the effect that an untimely state filing forfeits federal statutory rights, I have considered the issue anew.

2. The New York State Human Rights Law, Article 15 of the N.Y. Executive Law §§ 290–301, prohibits, among other things, age discrimination in employment. The statute established the New York State Division of Human Rights which is authorized to make prompt investigation of complaints, to attempt conciliation, to conduct hearings and render decisions and to enforce its orders through action in the state supreme court. N.Y.Exec.Law § 297 (McKinney 1972 and Supp. 1978). The statute re-

quires grievants to file with the Division a "verified complaint in writing which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice complained of and which shall set forth the particulars thereof and contain such other information as may be required by the division." Section 297(1). The statute requires complaints to be filed within one year after the alleged discriminatory practice. Section 297(5); *Reich v. Dow Badische, supra*, 370; *State Division of Human Rights v. Westmoreland Central School District*, 56 A.D.2d 205, 207–208, 392 N.Y.S.2d 149, 151 (1977).

3. Also on May 9, 1975 plaintiffs' counsel mailed written notices of intention to sue privately to the Wage and Hour Division of the United States Department of Labor, as required under 29 U.S.C. § 626(d). By letter, dated May 14, 1975, the Department of Labor acknowledged receipt of plaintiffs' notices of intent to sue and advised that conciliation attempts would proceed.

indicated that claimants intended to file suit under the ADEA as soon as possible. By letter, dated June 3, 1975, the Division "acknowledge[d] receipt of the age discrimination claims filed" on behalf of the plaintiffs, but stated that "in order to process same in accordance with the rules and procedures of the Division, we must have allegations supporting the charge and specifying the cause of action, as to when, where, how and by whom the alleged act of discrimination was afforded." Enclosed was a copy of the Division complaint form.

On September 11, 1975, plaintiffs' counsel mailed the completed complaint forms to the Division. While these forms contained more specifics than the information sent on May 9, 1975, the Division requested still more detail, which counsel furnished on December 11, 1975. Meanwhile on September 18, 1975 plaintiffs instituted the present action as a class action in federal court, claiming that Singer engaged in illegal, discriminatory practices in violation of Section 623(a) of the ADEA.

On March 17, 1977 the State Division of Human Rights dismissed plaintiffs' claims, finding that they had been filed on September 11, 1975 and were therefore barred by the one year statute of limitations imposed by Section 297(5) of the Executive Law.[4] Implicit in this finding was a ruling that the materials which had been timely filed in May were inadequate to institution of claims under the State Human Rights Law. No appeal was taken from the dismissal of the complaints.

While the ADEA creates a substantive right in employees engaged in industries affecting commerce, it conditions an employee's right to commence a federal action upon compliance with the requirements of Sections 626(d) and 633(b). *Reich v. Dow Badische Co., supra.*

29 U.S.C. § 633(b) provides, in part, as follows:

> In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . .

In *Reich v. Dow Badische Co., supra,* a divided panel of the Second Circuit held that this provision requires a grievant to make a timely, prior presentation of his age discrimination claim to the state agency having authority over his claim as a precondition to a federal suit under the ADEA. Since *Reich* was decided, several circuits have considered this issue and have held, contrary to *Reich,* that Section 633(b) merely permits, but does not require, a grievant to resort to available state age discrimination remedies before instituting federal suit; the Supreme Court of the United States has granted certiorari on that precise issue. *See Holliday v. Ketchum, MacLeod & Grove, Inc.,* 584 F.2d 1221 (3d Cir. 1978) (in banc); *Smith v. Jos. Schlitz Brewing Co.,* 584 F.2d 1231 (3d Cir. 1978), *petition for cert. filed,* 47 U.S.L.W. 3168 (U.S. Sept. 13, 1978) (No. 78–419); *Evans v. Oscar Mayer & Co.,* 580 F.2d 298 (8th Cir. 1978) *cert. granted,* —— U.S. ——, 99 S.Ct. 308, 58 L.Ed.2d 318 (1978); *Gabriele v. Chrysler Corp.,* 573 F.2d 949 (6th Cir. 1978), *petition for cert. filed,* 47 U.S.L.W. 3009 (U.S. July 3, 1978) (No. 78–1).

Regardless which view will ultimately be upheld by the Supreme Court, that issue does not necessarily control the question presented by this case. For even if it is held that a timely state filing is a jurisdictional prerequisite to the federal right, it does not necessarily follow that the required timely state filing must also be sufficient to comply with all of the state's requirements.

---

4. The alleged unlawful discrimination occurred no later than July 27, 1974, the last day on which any of the plaintiffs worked for Singer.

The issue before me is whether plaintiffs' counsel's mailing of May 9, 1975 to the Division constituted a prior, timely resort to that state agency, meeting the requirements of 29 U.S.C. § 633(b), notwithstanding the Division's rejection of the claim on the grounds that it was not sufficiently detailed.

■ I have concluded that the much controverted timeliness requirement of *Reich v. Dow, supra*, does not necessarily include an additional requirement of sufficiency for the reasons discussed below.

First, the ADEA does not require any meaningful deference to state proceedings. Though, as interpreted by *Reich*, the ADEA "insists on resort to the state procedure as a condition precedent to federal suit", a federal action may be instituted which will supersede the pending state proceeding. 29 U.S.C. § 633(a). As the state is completely divested of jurisdiction once the federal suit has been instituted, it would be wrong to construe the statute as one which looks in any meaningful way to the state for the settlement of disputes. The look in the state's direction is, at best, a glance, giving the state first crack. *See* the dissenting opinion of Judge Feinberg in *Reich v. Dow Badische Co., supra,* 376; *Holliday v. Ketchum, supra,* at 1227.

■ Second, to construe the federal statute as requiring sufficient, as well as timely, state filing, as a prerequisite to the federal action, would permit states to destroy the effectiveness of the federal statute by imposing complicated difficult filing requirements. For an unsuccessful attempt to comply with such requirements would effectively preclude access to the federal as well as the state remedy. It is clearly not the intention of the federal statute to give state legislatures or administrative bodies the power to prevent age discrimination claims from being brought in the federal jurisdiction.

■ Finally, it appears that the last sentence of 29 U.S.C. § 633(b) explicitly commands that state filings insufficient to constitute a state claim may be considered sufficient to satisfy the federal prerequisite. It reads as follows:

> If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

A similar provision in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(c) was construed in *Love v. Pullman Co.,* 404 U.S. 522, 525–526 n. 4, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), as a guard against overly burdensome requirements to the initiation of state proceedings. While several courts have warned against construing ADEA as parallel to Title VII, *see, e. g., Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); *Holliday v. Ketchum, supra,* this sentence, read literally without seeking policy-based interpretations, appears to mean that federal action may be instituted sixty days after filing by registered mail with the state authority a signed statement of the facts if the state requires more than this to "commence" proceedings. It follows necessarily that one who has done this much has satisfied any federal prerequisite even if the state finds that he never complied with state filing requirements.

It remains to consider whether plaintiffs in this action have complied with the requirements of § 633(b). I find that they have. On May 9, they filed timely signed statements of facts, albeit insufficiently detailed to satisfy the state. The only question relates to the reference in § 633(b) to making the state filing by "registered mail." The record before me does not reveal whether plaintiffs' May 9 filing with the State Division of Human Rights was by registered mail. In my view it does not matter, since there is no question here but that the State Human Rights Division received the filings, treated them as attempts to institute a claim and responded to them.

■ The statute cannot reasonably be construed to mean that registered mail alone will suffice, so that a grievant who went to the trouble of making a personal hand filing and obtained a receipt cannot benefit from it. This clause must be intended to protect the grievant whose claim is not acknowledged by the state. If he can prove by a registered mail receipt that he filed it, he is protected. If on the other hand the state acknowledges the filing of his claim and takes some action on it without questioning the method of filing, then the "registered mail" requirement of § 633(b) should be deemed inapposite.

I find that plaintiffs have complied with the requirements of § 633(b) and may maintain their action under ADEA in the federal court. The motion for summary judgment is denied.

SO ORDERED.